UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**DANTE CORVETTE STONE**                                                                                           **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:11CV-P124-M**

**TODD COUNTY DETENTION CENTER** *et al.*                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the *pro se* complaint (DN 1) and amended complaint (DN 4) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the complaint will be dismissed and a portion will continue.

### I. SUMMARY OF CLAIMS

Plaintiff Dante Corvette Stone brings this action pursuant to 42 U.S.C. § 1983 against the Todd County Detention Center (TCDC) and TCDC Jailer Greg Allen, Captain Lewis, Deputy Orton, and Deputy McKindry.[1] He also sues Kentucky Department of Corrections (KDOC) Commissioner LaDonna Thompson and KDOC Jail Consultant Tracy Reed. He sues Defendants in their individual and official capacities.

Plaintiff claims that in June 2011 he and another inmate were directed by Defendant Orton to return to their cells because recreation and shower time were over. Because Plaintiff alleges that he had earlier been advised that he had more time, he requested to speak with a supervising officer. Defendant Lewis responded. Plaintiff attempted to explain the situation, was cut off, and ordered to enter his cell. He contends that as he was entering his cell, he stopped and turned toward Defendant Lewis to ask her about his allowable property and legal work. "In doing so the Plaintiff stopped

---

[1] Elsewhere in the complaint, Plaintiff spells this Defendant's name "McKentry."

and turned towards Cpt. Lewis (with his hands at his sides with a non-threatening posture) to pose his questions. In response Cpt. Lewis drew her tazer from it holster and aimed it at the Plaintiff." Plaintiff reports filing a grievance "with the Todd County Detention Center administration" about "Cpt. Lewis's reckless, excessive, and unnecessary use of her assigned tazer." The grievance was dismissed.

Plaintiff reports sending a letter to Defendant Thompson in late June 2011 advising her of the threat to safety that Defendant Lewis posed. "The K.D.O.C. ignored the Plaintiff's warning which gave the incident of excessive force and coporal punishment an opportunity to materialize into reality." Plaintiff reports that Defendant Reed responded to Plaintiff's assault by stating, "'I'm going to let [Defendant] Greg Allen deal with this situation." Plaintiff claims that the KDOC's failure to protect him or punish his assailants was gross negligence and reckless endangerment.

Plaintiff additionally reports that on July 10, 2011, he "became involved with Todd County Detention Center staff in a descrepancy deriving from the Plaintiff being denied his daily shower." As a result of being denied his shower, Plaintiff began kicking his cell door. Defendant Lewis "responded by utilizing her tazer gun on the Plaintiff. [He] was not given the ultimatum of choosing to allow himself to be handcuffed and extracted from his cell without the use of force." Plaintiff states that "Cpt. Lewis intended to instill in the Plaintiff that if he kicked his cell door he'd be tazed." He claims that Defendants McKindry and Orton "backed Cpt. Lewis and assisted in the extraction and restraining of the Plaintiff" and that Defendants McKindry and Orton also failed to issue an "ultimatum of surrender to the Plaintiff."

As relief, Plaintiff seeks monetary damages "to compensate for pain and suffering, personal injury, emotional distress, mental distress, and personal endangerment."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under § 1915A. On review, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)-(iii); § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-capacity claims for damages against *state* officers Thompson and Reed

A state, its agencies,[2] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against Thompson and Reed must be dismissed for failure to state a claim and for seeking monetary relief from Defendants immune from such relief.

---

[2] The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

### B. All claims against TCDC and official-capacity claims against *county* officers Allen, Lewis, Orton, and McKindry

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Allen, Lewis, Orton, and McKindry, therefore, are actually against Todd County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Similarly, the claims against the TCDC must also be brought against Todd County because the jail is not an entity subject to suit. *See Matthews v. Jones*, 35 F.3d at 1049 (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"

5

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint or its amendment demonstrate that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Todd County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

Consequently, all claims against the TCDC and the official-capacity claims against Defendants Allen, Lewis, Orton, and McKindry must be dismissed.

### C. Individual-capacity claims against Thompson, Reed, and Allen

Defendants Thompson's, Reed's, and Allen's positions as KDOC Commissioner, KDOC Jail Consultant, and Jailer of the TCDC, respectively, do not automatically make them liable for the actions of their subordinates. "Respondeat superior[3] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626

---

[3]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

(6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that these Defendants were made aware of Plaintiff's complaints is not enough to subject them to liability under § 1983 for the purported wrongdoing of TCDC's officers.

The individual-capacity claims against supervisory Defendants Thompson, Reed, and Allen, who Plaintiff fails to allege engaged in any active unconstitutional conduct, must be dismissed for failure to state a claim upon which relief may be granted.

### D. Individual-capacity claims against Lewis, Orton, and McKindry

With respect to the June 2011 incident, Plaintiff alleges that Defendant Lewis merely drew her taser and aimed it at him. These facts fail to demonstrate the use of any force, much less the use of excessive force. Therefore the individual-capacity claim regarding the June 2011 incident against Defendant Lewis must be dismissed for failure to state a claim upon which relief may be granted.

As to the allegation that in July 2011 Defendant Lewis tased Plaintiff and Defendants McKindry and Orton assisted her, the Court will allow that claim to continue.

## IV. ORDER

For the reasons set forth more fully above,

**IT IS ORDERED** that:

(1) the official-capacity claims against Defendants Thompson and Reed are **DISMISSED** pursuant to 28 U.S.C. § 1915(A)(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief; and

(2) all claims against the TCDC and Defendant Allen; the official-capacity claims against Defendants Lewis, McKindry, and Orton; the individual-capacity claims against Defendants Thompson and Reed; and the individual-capacity June 2011 excessive force claim against Defendant Lewis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the individual-capacity, excessive-force claim regarding the July 2011 incident against Defendants Lewis, Orton, and McKindry **CONTINUES**.

The Court will enter a separate Scheduling Order to govern the development of the continuing claim.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Todd County Attorney
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005